UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| MACON ELECTRIC COOPERATIVE, et al., | )<br>)<br>) |
| Plaintiffs, | )<br>) |
| v. | ) Case No. 2:18 CV 109 CDP<br>) |
| KENNETH L. WOOLDRIDGE et al., | )<br>) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This case is the latest lawsuit involving Kenneth Wooldridge's time as a board member on the Macon Electric Cooperative (MEC). Wooldridge spent 35 years as an MEC board member before being ousted under extremely contentious circumstances after he started dating MEC employee Kathryn Smith. The relationship was disclosed to board members, but after Smith was denied a raise and began complaining of discrimination, various board members decided Wooldridge needed to go. Because of his relationship with Smith, Wooldridge was excused from certain closed meetings where the board members discussed Smith's allegations with MEC counsel Andrew Sporleder. Wooldridge surreptitiously recorded these meetings, listened to the recordings, and then

provided them to Smith and her attorney, defendant George Smith, to assist them in Smith's prosecution of a discrimination claim against MEC.

Smith filed her lawsuit in this Court, *Smith v. Macon Electric Cooperative, et al.*, Case Number 2: 16 CV 57 ERW. During a December 8, 2016 scheduling conference in the *Smith* case, attorney Smith first disclosed the existence of the recordings. He did not, however, disclose who made the recordings. The 14 audio recordings were later produced to MEC by attorney Smith pursuant to court order on January 27, 2017. [Doc. # 76-1 in Case No. 2: 16 CV 57 ERW]. It was not revealed that Wooldridge made the tapes until he filed an affidavit in the *Smith* case on April 13, 2017. [Doc. # 69-3 in Case No. 2: 16 CV 57 ERW].[1]

By the time it was learned that Wooldridge had made the tapes, he had filed a discrimination lawsuit of his own against MEC, *Wooldridge v. Macon Electric Cooperative, et al.*, Case Number 2: 16 CV 87 HEA (the *Wooldridge* case). Wooldridge named as defendants MEC, individual board members, and MEC manager (and alleged harasser of Kathryn Smith) Doug Drake. Sporleder was not named as a defendant. Attorney Smith also represented Wooldridge. Wooldridge brought federal claims of retaliation under Title VII and the ADEA, as well as state law claims for retaliation and discrimination under the Missouri Human Rights Act

---

[1] Kathryn Smith's case was ultimately settled and dismissed. Case Number 2:16 CV 57 ERW, Doc. #143.

(MHRA) and defamation. Wooldridge claimed that he was subject to retaliatory treatment and discrimination because he opposed MEC's unlawful treatment of Smith. The retaliatory and discriminatory treatment about which he complained included being excluded from the same board meetings he secretly taped.

The defendants in the *Wooldridge* case filed their answers on February 6, 2017, before learning of the tapes. [Docs. # 31-40 in Case Number 2: 16 CV 87 HEA]. After the existence of the tapes came to light in the *Smith* case and it was finally determined that Wooldridge made the tapes, defendants in the *Wooldridge* suit moved for sanctions against Wooldridge for his illicit taping of closed board meetings. The presiding judge in that case, the Honorable Henry E. Autrey, agreed that sanctions were warranted for Wooldridge's conduct, and he accordingly dismissed Wooldridge's complaint with prejudice "based upon [Wooldridge's] repeated willful interception of attorney-client conversations over an extended period of time and the improper use of his position as a Board member of the disclosure of a privileged communication." [Doc. # 83 in Case Number 2: 16 CV 87 HEA]. Wooldridge did not appeal that dismissal. *See Wooldridge v. Macon Electric Coop,* Case No 2:16CV87 HEA, 2018 WL 4333609 (E. D. Mo. Sept. 11, 2018).

After the dismissal of the *Wooldridge* case by Judge Autrey, the MEC, its individual board members (Laure Baker, Harold Beach, Larry Robuck, George Saunders, Kemper Walker, Glenda Wood), Drake, and Sporleder filed the instant case against Wooldridge and attorney Smith, asserting federal question jurisdiction under the Federal Wiretap Act, 18 U.S.C. § 2510, et seq. They also bring state law claims against both defendants arising from the unauthorized taping of MEC board meetings. The state law claims include breach of fiduciary duty, invasion of privacy and fraud against Wooldridge, and a conspiracy claim against Wooldridge and attorney Smith.

Wooldridge and attorney Smith have each filed motions to dismiss the complaint under Federal Rule of Civil Procedure 12(b)(6). Attorney Smith has also filed a separate motion for summary judgment. Wooldridge's motion and attorney Smith's motions raise the same legal arguments and will accordingly be addressed together. Defendants argue that MEC, Drake, and the board members should have raised their claims as compulsory counterclaims in the *Wooldridge* case, and their failure to do so bars them from raising them now.[2] Defendants also argue that all of the plaintiffs' claims (including Sporleder's) are barred by the doctrines of res judicata and collateral estoppel and should be dismissed. I will

---

[2] Sporleder was not a defendant in the prior case and therefore this argument would not apply to him.

deny the motions, as these claims are not barred by the doctrines of collateral estoppel or res judicata and they were not required to be brought as compulsory counterclaims to Wooldridge's suit.

## **Discussion**

The purpose of a Rule 12(b)(6) motion to dismiss for failure to state a claim is to test the legal sufficiency of a complaint so as to eliminate those actions "which are fatally flawed in their legal premises and deigned to fail, thereby sparing the litigants the burden of unnecessary pretrial and trial activity." *Young v. City of St. Charles*, 244 F.3d 623, 627 (8th Cir. 2001). To survive a Rule 12(b)(6) motion to dismiss, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678, (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

In determining whether summary judgment should issue, the Court must view the facts and inferences from the facts in the light most favorable to the nonmoving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Littrell v. City of Kansas City, Mo.*, 459 F.3d 918, 921 (8th Cir. 2006); *Woods v. DaimlerChrysler Corp.*, 409 F.3d 984, 990 (8th Cir. 2005). The moving party has the burden to establish both the absence of a genuine issue of material fact and that it is entitled to judgment as a matter of law. Fed. R. Civ.

P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Enterprise Bank v. Magna Bank*, 92 F.3d 743, 747 (8th Cir. 1996).

Compulsory Counterclaims

Rule 13(a) of the Federal Rules of Civil Procedure governs compulsory counterclaims. It provides in relevant part that "[a] pleading must state as a counterclaim any claim that—at its time of service—the pleader has against an opposing party if the claim: (A) arises out of the transaction or occurrence that is the subject matter of the opposing party's claim . . . ." Fed. R. Civ. P. 13(a). *See Southern Constr. Co. v. United States ex rel. Pickard*, 371 U.S. 57, 60 (1962) (Rule 13(a) was "designed to prevent multiplicity of actions and to achieve resolution in a single lawsuit of all disputes arising out of common matters."). The Eighth Circuit Court of Appeals "has recognized the 'logical relation' test as one of four that federal courts have applied" to determine if a counterclaim is compulsory. Tullos v. Parks, 915 F.2d 1192, 1195 (8th Cir. 1990) (citing Cochrane v. Iowa Beef Processors, 596 F.2d 254, 264 (8th Cir. 1979)); *Stockdall v. TG Investments, Inc.*, 129 F. Supp. 3d 871, 877 (E.D. Mo. 2015).

Defendants argue that the claims of all plaintiffs except Sporleder are barred because they should have been brought as compulsory counterclaims in the

6

*Wooldridge* case. According to defendants, plaintiffs' claims in this case and the claims raised in the *Wooldridge* case arise out of the same transaction or occurrence because both cases concern the board's treatment of Wooldridge and Wooldridge's employment with MEC. Defendants arguments are unavailing, as the only relationship between the claims raised in the *Wooldridge* case and those raised in the instant case is that they both involve similar parties and Wooldridge's time on the MEC Board. Yet a modicum of factual commonality does not demonstrate that plaintiffs' claims were compulsory counterclaims in the *Wooldridge* case. Additionally, the operative facts surrounding defendants' misconduct were not discovered until well after the *Wooldridge* case – and defendants' answers – were filed. Moreover, Wooldridge's employment discrimination claims do not arise out of the same operative facts as his surreptitious recording of MEC board meetings, which form the basis of plaintiffs' claims here. Therefore, plaintiffs' claims in this case are not barred under Fed. Civ. P. Rule 13(a).

Basic principles of fairness also dictate against a finding that plaintiffs' claims were compulsory counterclaims in the *Wooldridge* case. Defendants did not affirmatively disclose who made the tapes or attorney Smith's involvement with the tapes until April of 2017, well after MEC and MEC's board members filed

their answers in February of 2017. Given the manner in which defendants' misconduct came to light during the *Wooldridge* case, it would be manifestly unjust to have required the plaintiffs to have brought the claims raised here as counterclaims in that case. Defendants' arguments that plaintiffs' claims are barred as compulsory counterclaims in the *Wooldridge* case are denied.

Claim Preclusion

Under the doctrine of claim preclusion, a final judgment rendered on the merits bars successive litigation of the very same claim, whether or not relitigation of the claim raises the same issues as the earlier suit. *New Hampshire v. Maine*, 532 U.S. 742, 748 (2001). Before claim preclusion will bar successive litigation, four elements must be satisfied: the prior suit resulted in a final judgment on the merits; the prior suit was based on proper jurisdiction; both suits involve the same parties or their privies; and both suits are based upon the same claims or causes of action. *Costner v. URS Consultants, Inc.*, 153 F.3d 667, 673 (8th Cir. 1998). To satisfy the fourth element, the claims must arise out of the same nucleus of operative facts or be based upon the same claims or causes of action. *Murphy v. Jones*, 877 F.2d 682, 684-85 (8th Cir. 1989).

Claim preclusion does not bar litigation in this case. Judge Autrey's dismissal of the *Wooldridge* case was not a final judgment on the merits because it

was issued as a sanction for Wooldridge's interception and disclosure of privileged communications and was therefore not an assessment of the legal merits of the complaint barring successive litigation. *See Cooter & Gell v. Hartmarx Corp*., 496 U.S. 384, 396–97 (1990). Although Judge Autrey concluded that Wooldridge's conduct warranted the imposition of sanctions, he did not address the legal merits of Wooldridge's conduct. *See Faigin v. Kelly*, 184 F.3d 67, 78–79 (1st Cir. 1999); *Amwest Mortgage Corp. v. Grady*, 925 F.2d 1162, 1164–65 (9th Cir. 1991). Additionally, defendants cannot meet the fourth element of claim preclusion given that the claims raised in the *Wooldridge* case arose out of the circumstances surrounding Wooldridge's removal from the MEC board, whereas the claims in this case arise out of defendants' alleged creation and use of secret recordings in violation of federal and state law, something that was completely unknown to the MEC board at the time of Wooldridge's removal.

Issue Preclusion

Under the doctrine of issue preclusion, parties or their privies are barred from bringing successive litigation of an issue of fact or law actually litigated and resolved in a valid court determination essential to the prior judgment, even if the issue recurs in the context of a different claim. *Maine*, 532 U.S. at 748-749. Before issue preclusion will bar successive litigation, four elements must be

9

satisfied: the issue sought to be precluded must be the same as that involved in the prior suit; the issue must have been litigated in the prior suit; the issue must have been determined by a valid and final judgment; and the determination must have been essential to the prior judgment.

The burden of establishing that the four elements are met lies on the party asserting issue preclusion. *Farmland Indus. v. Morrison-Quirk Grain Corp.*, 987 F.2d 1335, 1339 (8th Cir. 1993) (internal citations omitted). Whether issue preclusion applies depends upon whether a party has had a full and fair opportunity to litigate an issue in first proceeding such that "the benefits of preclusion outweigh the countervailing due process concerns present whenever a party is estopped from raising a claim." *Simmons v. O'Brien*, 77 F.3d 1093, 1095-96 (8th Cir. 1996).

Issue preclusion does not bar litigation in this case. The plaintiffs did not have a full and fair opportunity to litigate these issues in the *Wooldridge* case given the timing of the revelation of Wooldridge's conduct. The Supreme Court has held that "[r]edetermination of issues is warranted if there is reason to doubt the quality, extensiveness, or fairness of procedures followed in prior litigation." *Montana v. United States*, 440 U.S. 147, 164 n. 11 (1979). Aside from the revelation of the conduct itself, there was little discovery or investigation into Wooldridge's (or

attorney Smith's) conduct during the *Wooldridge* case, largely due to defendants' refusal to timely and fully disclose the nature and circumstances surrounding the creation of the recordings. Because the issue was only raised in connection with a motion for sanctions in the *Wooldridge* case, the parties did not have sufficient opportunity to fully explore the scope of defendants' conduct through the discovery process.

Additionally, the issues raised in this case under the Federal Wiretap Act and Missouri law are not the same as those involved in the *Wooldridge* case, nor were they litigated in the prior action. Judge Autrey did not consider whether Wooldridge's conduct violated federal or state law. He only determined that such conduct merited the imposition of sanctions. As the parties asserting issue preclusion, defendants have the burden "to demonstrate that the issue whose relitigation [they] seek[] to foreclose was actually decided in the first proceeding." *Irving v. Dormire*, 586 F.3d 645, 648 (8th Cir, 2009) (quoting *Dowling v. United States*, 493 U.S. 342, 350 (1990)). As defendants have failed to meet that burden, the motions to dismiss and for summary judgment on the basis of issue preclusion will be denied.

Accordingly,

**IT IS HEREBY ORDERED** that the motions to dismiss [15, 23] and the motion for summary judgment [24] are denied.

**IT IS FURTHER ORDERED** that this case is set for a Rule 16 Scheduling Conference by separate order.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 13th day of September, 2019.