UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | | |
|---|---|---|
| MACON ELEC. COOP., et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | Case No. 2:18 CV 109 CDP |
| | ) | |
| KENNETH WOOLDRIDGE, et al., | ) | |
| | ) | |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

Plaintiffs seek to compel financial information from defendants Wooldridge and Smith in connection with their request for punitive damages. The discovery requests originally sought financial information for the preceding six years. After defendants objected to the discovery requests on the ground that they were overly broad, plaintiffs agreed to limit their requests to the preceding two years of financial information. Defendants still refused to provide any information, so plaintiffs filed the instant motion to compel.

"Evidence of a defendant's net worth and financial condition is relevant for discovery purposes when a plaintiff seeks punitive damages." *Doe v. Young*, 2009 WL 440478, at *2 (E.D. Mo. Feb. 18, 2009). Defendant Wooldridge[1] argues that

---

[1] Defendant Smith did not file an opposition to the motion to compel, and his time for doing so has expired.

federal courts are guided by Missouri law regarding the permissibility of punitive damages, which would preclude discovery of the financial and net worth information absent "a finding by the trial court that it is more likely than not the plaintiff will be able to present a submissible case to the trier of fact on the plaintiff's claim of punitive damages." Mo. Rev. Stat. § 510.263.8 (2008). As the Court concludes that this statute is procedural, rather than substantive, it does not apply in this diversity case. *See*, *Hanna v. Plumer*, 85 S. Ct. 1136, 1141–44 (1965) (federal courts sitting in diversity apply state substantive and federal procedural law); *Doe*, 2009 WL 440478, at *2 (Mo. Rev. Stat. § 510.263.8 is procedural, rather than substantive). "[A] plaintiff seeking punitive damages is entitled to discover information relating to the defendant's financial condition in advance of trial without making a prima facie showing that he is entitled to recover such damages. *Id.*; *Sexton v. Lewis*, 2008 WL 11337861 at *3 (W.D. Mo. May 7, 2008). As plaintiffs have already agreed to limit their requests to two years to seek only current financial information from defendants, the Court will grant motion to compel.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiffs' motion to compel [48] is granted as follows: within 30 days from the date of this Memorandum and Order, both defendants Kenneth L. Wooldridge and George Smith shall respond without

objection, in writing and under oath, to plaintiffs' Interrogatory Numbers 23-25 and Request for Production Numbers 34-36, and shall provide the information and documents requested in those interrogatories and document requests for the preceding two year period measured from when the discovery was served, and such production of documents responsive to Request for Production 35 shall include tax years 2019 if/when filed, 2018, and 2017.

                                                  _____
                                                  CATHERINE D. PERRY
                                                  UNITED STATES DISTRICT JUDGE

Dated this 6th day of April, 2020.